UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRICK TERRELL LEE,

    Plaintiff,

v.

SOUTH BEND POLICE DEPT *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-363 DRL-MGG

OPINION AND ORDER

Derrick Terrell Lee, a prisoner without a lawyer, alleges that law enforcement used excessive force against him when they arrested him in 2017. He filed suit in 2017 from the jail where he was held awaiting trial on charges from the arrest. *See Lee v. St. Joseph County*, No. 3:17-cv-359-RLM-MGG (N.D. Ind. filed May 10, 2017). But on January 2, 2018, that suit was dismissed without prejudice for failure to prosecute because Mr. Lee did not respond to the court's show cause order after mail sent to him at the jail was returned undeliverable. In December 2020, he filed a motion to reopen that case, which was denied.

Now he has filed this new complaint about the same events from his 2017 arrest. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

This case cannot proceed because it is untimely. The statute of limitations for claims brought under 42 U.S.C. § 1983 is borrowed from that of the state's personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A claim accrues—and the limitations period begins running—when the plaintiff knows the facts and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). In a Fourth Amendment claim for alleged use of excessive force during an arrest, the claim accrues at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2012). Although the statute of limitations is an affirmative defense, if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merits, he has pleaded himself out of court." *Tregenza v. Great Am. Commc'n Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

From the complaint and the May 2017 suit, Mr. Lee was aware of his injuries from the alleged excessive force on March 17, 2017, more than two years before this suit was filed in 2021. The complaint thus fails to state a claim on which relief can be granted because it is barred by the statute of limitations. *See Jones v. Block*, 549 U.S. 199, 215 (2007).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). But "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*,

588 F.3d 420, 432 (7th Cir. 2009). Based on the well-known history and statutory bar, such is the case here. Mr. Lee's motion for a continuance (ECF 13) is moot in light of this order.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 11, 2021                                       *s/ Damon R. Leichty*
                                                        Judge, United States District Court